| | | |
|---|---|---|
| LAMIKKA S. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ATLANTIC COAST COLLEGES, INC., | ) | |
| DELTA CAREER EDUCATION | ) | |
| CORPORATION, and MILLER MOTTE | ) | |
| BUSINESS COLLGE, INC., all trading as | ) | |
| MILLER-MOTTE COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and motion for attorney fees and costs. No response to the motions has been filed, and the time for doing so has expired. For the reasons that follow, the motions for default judgment and attorney fees and costs is granted.

## BACKGROUND

On September 29, 2017, plaintiff filed this action alleging a claim for employment discrimination under Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. In response to the complaint, defendants, appearing through counsel, filed a motion to dismiss or to stay and compel arbitration and mediation. Defendants attached to their motion to dismiss an "employment acknowledgement" form which they contend includes a mandatory dispute

resolution clause, requiring that all disputes relating to plaintiff's employment be mediated first, and if not resolved in mediation, submitted to binding arbitration.

After the motion to dismiss or stay became ripe for ruling, counsel for defendants moved for leave to withdraw. The motion was allowed by order entered January 24, 2018. [DE 25]. In the order permitting defense counsel to withdraw, defendants, which are all corporate entities, were ordered to cause new counsel to file a notice of appearance within twenty-one days of the filing of the order. The party defendants were further advised that failure to do so may result in sanctions, including entry of default judgment. The order was served by the clerk on counsel for the parties as well as on the general counsel and chief compliance officer of defendant Delta Career Education Corporation, the corporate parent of defendant Atlantic Coast Colleges, Inc. and Miller-Motte Business College, Inc.

Upon defendant's failure to comply with the Court's first order to retain new counsel, the Court again ordered defendants to retain counsel to appear not later than April 26, 2018, and notified defendants that failure to comply would result in sanctions. [DE 26]. On May 17, 2016, the Court sanctioned defendants for failure to comply with the Court's order and failing to retain counsel by entering default against them. [DE 27]. On June 14, 2018, plaintiff filed a motion for entry of default judgment and served her motion on the general counsel and chief compliance officer of Delta Career Education at two addresses. [DE 29]. Plaintiff also moved for an award of attorney fees and costs. [DE 31]. To date, no counsel has noticed an appearance on behalf of defendants in this action.

DISCUSSION

Although default judgments are generally disfavored, they are available "when the adversary process has been halted because of an essentially unresponsive party." *Jackson v.*

*Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Where, as here, a claim is not for a sum certain and a party has appeared in the action, an application for default judgment must be determined by the court rather than the clerk. Fed. R. Civ. P. 55(b)(2). If a party has appeared personally or by a representative, that party must be served with written notice of the application for default judgment at least seven days before the court may take up the motion. *Id.*; *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004). Here, defendants have appeared through counsel by filing a motion to dismiss. Defendants' representative, as provided by counsel in his motion to withdraw, has been served with the motion for default judgment and the motion for attorney fees at both addresses provided in counsel's motion. More than twenty-one days have elapsed since service of the motions on defendants, and no opposition to the motions has been filed.

After the entry of default, the well-pleaded factual allegations in plaintiff's complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id.*; *see also Rabuck v. Clemmer Moving & Storage*, No. CIV.A. ELH-10-1129, 2011 WL 5237753, at *3 (D. Md. Oct. 31, 2011).

The well-pleaded allegations in plaintiff's complaint support the relief she seeks, namely restoration of back wages, front pay, and attorney fees and costs for having been terminated from her employment with defendants in retaliation for filing a charge of discrimination in violation of 42 U.S.C. § 2000e-3(a) and for disparate treatment based on her race in violation of 42 U.S.C. § 2000e-2(a). *See, e.g., Hill v. W. Elec. Co.*, 596 F.2d 99, 104 (4th Cir. 1979); *Brown v. Mountainview Cutters, LLC*, 222 F. Supp. 3d 504, 511 (W.D. Va. 2016) (front pay appropriate where reinstatement not possible). The non-appearance by defendants through counsel, or

otherwise, in violation of this Court's orders, has served to default defendants as against any defenses or alternative resolution procedures they may have raised in response to the claims in plaintiff's complaint.

Once it has been determined that plaintiff is entitled to damages, a court may award damages without conducting a hearing "if the record supports the damages requested." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010); *see also* Fed. R. Civ. P. 55(b)(2). The Court has reviewed the record provided by plaintiff with her motion and has determined, in its discretion, that a hearing is not necessary to determine damages. Plaintiff has submitted an affidavit and exhibits detailing her earnings with defendant, her mitigation of damages, and her total loss of income for the years 2014 through 2017 and six months of 2018. The total amount of lost income is $74,775.83, and the Court finds this amount to be reasonable and supported by the record.

Plaintiff further seeks damages for future loss of income in the amount of $18,500.00, which the Court finds to be reasonable. Plaintiff further seeks an award of attorney fees and costs, totaling $13,789.54. The attorney fees requested are based on an hourly rate of $300 for plaintiff's attorney and $150 for counsel's legal assistant, which the Court finds to be reasonable and comparable to other attorneys and staff with similar experience in this area. *See* [DE 31-3]. Accordingly, the motion for attorney fees is granted.

## CONCLUSION

For the foregoing reasons, the motions for entry of default judgment and for attorney fees [DE 29 & 31] are GRANTED. The clerk is DIRECTED to enter default judgment against defendants, jointly and severally, in the amount of $74,775.83 for past damages and $18,500.00 for future loss of income. Attorney fees and costs are awarded to plaintiff in the amount of

4

$13,789.54. The clerk is DIRECTED to serve this order and judgment on defendants at both addresses provided by former counsel for defendant at [DE 24].

SO ORDERED, this __17__ day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE